UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-62005-CIV-ALTONAGA/Brown

ANGELEKE SARIDAKIS,

      Plaintiff,

vs.

SOUTH BROWARD HOSPITAL DISTRICT,

      Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Angeleke Saridakis' Motion to Amend Judgment, for New Trial, for Evidentiary Hearing and for Declaratory and Injunctive Relief ("Motion") [D.E. 200], filed on April 1, 2010. The Court has carefully considered the parties' written submissions, pertinent portions of the record, and applicable law.

## I.  BACKGROUND

This case involves claims of gender discrimination and retaliation in the workplace, and like many legal questions, the present Motion involves the meaning of words. "The thing about words is that meanings can twist just like a snake . . . ." Terry Pratchett, *Lords and Ladies* 122 (1992). Plaintiff, Angeleke Saridakis ("Saridakis"), was employed by the Defendant, South Broward Hospital District ("South Broward"), as a trauma surgeon. (*See* Amended Complaint ("Complaint") [D.E. 18] ¶ 3). After her contract was not renewed in August 2006, Saridakis filed suit against South Broward alleging: sex discrimination as to her pay and the non-renewal of her contract in violation of Title VII, 42 U.S.C. § 2000e *et seq*. (Count I) and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.11(5) (Count III); retaliation in violation of Title VII (Count II) and the FCRA (Count

IV); violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d) (Count V); and retaliation in violation of the EPA (Count VI).  (*See id.* at ¶¶ 27-57).

In anticipation of trial, the parties filed Joint Proposed Jury Instructions [D.E. 90] on December 15, 2009.  Trial was held from March 2 to March 22, 2010.  A jury was selected, and opening statements were made in Saridakis' case on March 2, 2010.  Evidence was presented to the jury in over ten days of testimony.[1]  During the trial, versions of proposed verdict forms were submitted by both parties to the Court via electronic mail.[2]  On a number of occasions throughout the trial the parties presented argument on jury instructions and the verdict form.[3]  Substantive revisions to the instructions were completed at the end of the day on March 16, and the parties agreed to work on the verdict form that evening and to submit a revision the following morning.[4]  (*See* Trial Tr. 209-11, Mar. 16, 2010).

Their differences unresolved, the parties each submitted separate final proposed verdict forms on the morning of March 17.  (*See* Resp. Exs. E (Def.'s Prop. Verdict Form), F (Pl.'s Prop. Verdict Form)).  Saridakis' verdict form included language on South Broward's defenses for the EPA wage

---

[1]  Saridakis presented her case-in-chief on March 3, 4, 5, 8, 9 and 10; South Broward presented its case on March 10, 11, 12, 15 and 16.  On March 16, three rebuttal witnesses testified for Saridakis.

[2]  Saridakis submitted proposed verdict forms on March 10 (*see* Def.'s Resp. in Opposition to Mot. ("Resp.") [D.E. 211] Ex. A); March 15 (*see id.* at Ex. C); March 16 (*see id.* at Ex. D); and March 17 (*see id.* at Ex. F).  South Broward submitted proposed verdict forms on March 15 (*see id.* at Ex. B) and March 17 (*see id.* at Ex. E).

[3]  Jury instructions and the verdict form were discussed on March 5 (*see* Trial Tr. [D.E. 189] 28-29, Mar. 5, 2010); March 15(*see* Trial Tr. [D.E. 195] 243-244, Mar. 15, 2010); March 16 (*see* Trial Tr. [D.E. 196] 6-23, 95-105, 205-211, Mar. 16, 2010); and March 17 (*see* Trial Tr. [D.E. 197] 4-10, 40-42, Mar. 17, 2010).

[4]  Counsel for Saridakis stated: "I think actually the only issue [South Broward] had with the plaintiff's form is it didn't include the defendant's defenses and, so, we're going to go and put those in and see if we can address that request."  (Trial Tr. 210, Mar. 16, 2010).

Case No. 08-62005-CIV-ALTONAGA/Brown

claim and the two Title VII and FCRA gender discrimination claims, but not for the retaliation claims. (*See id.* at Ex. F, 6). Additionally, her form put the queries on damage amounts after each of the five claims while South Broward's version put the damages queries in two places – after the EPA questions and after the Title VII and FRCA questions. (*See* Trial Tr. 4-5, Mar. 17, 2010). The Court heard argument from the parties on both issues. (*See id.* at 6-10).

During the break between closing arguments, the Court provided the parties with the Verdict Form and stated, "I have opted to select the defendant's version[] as I'm in agreement that there's only one element of damages recoverable for each claim, not the same amount over again multiple times." (*Id.* at 40-41). The Court also noted the lack of clarity in the damages section of the instructions. (*See id.* at 41). After a short recess and prior to South Broward's closing argument, the parties agreed to a final modification of the jury instructions. (*See id.* at 41-42).

The jury was charged just before midday on March 17, and deliberations began that afternoon and continued on March 18 and 22. On the verdict form provided to the jury with the jury instructions, the question designed to elicit the jury's finding on South Broward's defense to the gender discrimination and retaliation claims used a common framework:

Do you find by a preponderance of the evidence:

That the South Broward Hospital District considered a factor(s) other than Angeleke Saridakis' _____  in  _____.

| | | |
|---|---|---|
| A.4: | gender | determining Angeleke Saridakis' wage |
| B.3: | complaint(s) of wage discrimination | non-renewal of her employment agreement |
| D.3: | gender | making its decision concerning her rate of pay |
| E.3: | gender | making its decision not to renew her employment agreement |
| F.3: | complaint(s) of gender | the non-renewal of her employment |

3

Case No. 08-62005-CIV-ALTONAGA/Brown

discrimination                              agreement

(Verdict Form 1-4).

On the morning of the second day of deliberations, March 18, the jury sent out its first of two notes, requesting clarification on question F.3 of the Verdict Form, South Broward's defense to retaliation under Title VII and the FCRA. (*See* Jury Questions & Notes to the Court ("Jury Questions") [D.E. 182] 1). The jury's note stated: "Need clarification on F3: Is the question to be answered as it is literally stated? Can the question be stated any other way? Need to know how question is related to retaliation." (*Id.*). Following consultation with the parties (*see* Trial Tr. [D.E. 198] 4-8, Mar. 18, 2010), the Court adopted language directly from the jury instructions and returned the following response to the jury at 11:25 a.m.: "To clarify, F.3, I restate it as follows: 'That the South Broward Hospital District would have made the decision not to renew Angeleke Saridakis' employment agreement regardless of any steps by Plaintiff to enforce her rights?'" (Jury Questions 1).

Just over an hour later – about 12:30 p.m. – the jury sent out its second note, which stated, "We are deadlocked on F3. We need someone to talk to us. Please!!!" (*Id.* at 2). The Court consulted the parties, offered to give the *Allen* instruction, and allowed counsel time to confer privately with their respective clients. (*See* Trial Tr. 8-10, Mar. 18, 2010). Because deliberations were scheduled to end at 1 p.m., it was agreed the Court would send the jury home with directions to return on Monday, March 22 at 9 a.m., and counsel would appear at 8:30 a.m. to consider a response to the jury. (*See id.* at 10).

Late on Sunday night, March 21, 2010, Saridakis filed Plaintiff's Trial Brief Regarding Supplemental Jury Instructions and Amended Jury Verdict Form ("Trial Br.") [D.E. 181], asserting

4

Case No. 08-62005-CIV-ALTONAGA/Brown

question F.3 of the Verdict Form was legally incorrect and asking the Court to revise the verdict form not only as to F.2 and F.3, but also as to A.4, B.3, D.3 and E.3 and to issue the jury a new verdict form. (*See* Trial Br. 4, 8, 12-13). Additionally, Saridakis maintained the jury should be re-charged with supplemental instructions, and she provided two proposed versions of an amended verdict form as well as proposed supplemental jury instructions. (*See id.* at 12, Exs. A-C).

On Monday, March 22, the Court heard from the parties. (*See* Trial Tr. [D.E. 199] 5-16, Mar. 22, 2010). Saridakis moved for a mistrial "if [the Court is] not going to allow the verdict form to be corrected to have the right mixed motive question." (*Id.* at 16). The motion was denied. (*See id.*). Unpersuaded by Saridakis' brief, the Court directed the parties to confer and draft a response to the jury's note. (*See id.*). When they returned after a short recess, the parties had agreed to restate a paragraph from the jury instructions, but had not agreed on amending the verdict form. (*See id.* at 17). After more discussion and a concession by South Broward, the parties agreed to have the jury re-instructed with both a restatement of the jury instructions and a re-phrasing of question F.3. (*See id.* at 18). Both parties were allowed to review the proposed written response crafted by the Court, and both affirmatively indicated the response to the jury's note was acceptable. (*See id.*). No objections were made. (*See id.*).

The Court provided the following written answer to the jury at 9:37 a.m.:

Ladies and gentlemen, in response to your note submitted last Thursday, I repeat the following instruction found on page 8 of the Court's Instructions that you were provided:

If you determine that Plaintiff has proved that her statutorily-protected activity was a factor motivating Defendant's decision to not renew her employment agreement, then you must consider whether Defendant has presented any evidence that it would have made the same decision regardless of Plaintiff's protected activity. If you determine that Defendant has proven

Case No. 08-62005-CIV-ALTONAGA/Brown

by a preponderance of the evidence that it would have made the same decision even if it had not taken Plaintiff's protected activity into account, you should make this finding on the verdict form.

As to Question F.3 found in the Verdict Form,

3. That the South Broward Hospital District considered a factor(s) other than Angeleke Saridakis' complaint(s) of gender discrimination in the non-renewal of her employment agreement?

I rephrase it as follows:

3. Do you find that the South Broward Hospital District would have made the same decision of not renewing Angeleke Saridakis' employment agreement even if it had not taken Plaintiff's protected activity into account?

(Jury Questions 3).

The jury rendered its verdict midday on March 22, 2010. (*See* Jury Verdict [D.E. 184]). On Counts I and III, the jury did not find Saridakis was subject to gender discrimination as to her pay. (*See id.* at 3, ¶ D). As to South Broward's non-renewal of Saridakis' employment agreement, the jury found by a preponderance of the evidence it was an adverse employment action, her gender "was a substantial or motivating factor that prompted South Broward District Hospital not to renew her employment agreement," and South Broward "considered a factor other than [her] gender in making its decision not to renew her employment agreement." (*Id.* at 3-4, ¶ E). On Counts II and IV, the retaliation claims under Title VII and the FCRA, the jury found by a preponderance of the evidence that Saridakis asserted an objectively reasonable complaint of gender discrimination; her complaint was causally connected to South Broward's non-renewal of her employment agreement; and South Broward considered factors other than her complaint of gender discrimination in not renewing her employment. (*See id.* at 4-5, ¶ F).

6

Case No. 08-62005-CIV-ALTONAGA/Brown

The jury did not find for Saridakis on Count V, her wage claim under the EPA.  (*See id.* at 1, ¶ A).  As to Count VI, retaliation under the EPA, the jury found by a preponderance of the evidence that Saridakis in good faith asserted an objectively reasonable complaint that she had been paid less than a member of the opposite sex doing equal work under similar working conditions; her complaint was causally connected to South Broward's non-renewal of her employment agreement; and South Broward considered a factor(s) other than Saridakis' complaint of wage discrimination in the non-renewal of her agreement.  (*See id.* at 2, ¶ B).

The jury was polled, and at the request of Saridakis, asked whether they answered F.3. "as rephrased" by the Court.  (*See* Trial Tr. 22, Mar. 22, 2010).  Each juror answered in the affirmative. (*See id.*).  At sidebar, Saridakis "renewed" her objections

> as to the inclusion of the mixed motive defense in the retaliation claim, as to the denial of our request to restate the mixed motive question as to the other Title VII counts, both the disparate pay and the discrimination, the denial of our request to include the nominal damages on the verdict form under the gender discrimination, the exclusion of a question that would provide the recovery of compensatory damages on the EPA retaliation claim, and then, finally, the exclusion of references to retaliatory conduct other than nonrenewal of the contract on the verdict form.

(*Id.* at 21).  South Broward objected to the latter issue because it had not been raised prior to adoption of the verdict form.  (*See id.*).  Final Judgment [D.E. 185] was entered on March 22, 2010.

In her Motion, Saridakis asks the Court (1) to amend the judgment reflect a judgment in her favor on Counts I, III and VI of the Amended Complaint; (2) for a new trial on compensatory damages on the gender discrimination claims and on liability and damages as to the retaliation claims; (3) for an evidentiary hearing on back pay and reinstatement, or front pay in lieu of reinstatement; (4) for entry of declaratory relief; and (5) for injunctive relief.  (*See* Mot. 1).

Case No. 08-62005-CIV-ALTONAGA/Brown

## II.  DISCUSSION

**A.      Plaintiff's Motion to Amend Judgment Under Rule 59(e)**

Saridakis seeks to amend the judgment to reflect the entry of judgment in her favor on Counts
I, III (Title VII and FCRA, respectively, gender discrimination as to the non-renewal of her contract)
and VI (retaliation under the EPA) of her Amended Complaint.  (*See* Mot. 1-2).  Rule 59(e) provides
that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of
the judgment."  FED. R. CIV. P. 59(e).  "[R]econsideration of a judgment after its entry is an
extraordinary remedy which should be used sparingly."  8 Charles Alan Wright, Arthur R. Miller &
Mary Kay Kane, *Federal Practice & Procedure* § 2810.1 (2d ed. 1995).  "'The only grounds for
granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact.'" *Arthur
v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th
Cir. 1999)).  "A Rule 59(e) motion cannot be used to 'relitigate old matters, raise argument or
present evidence that could have been raised prior to the entry of judgment.'" *United Educators Ins.
v. Everest Indem. Ins. Co.*, No. 09-12511, 2010 WL 1434416, at *2 (11th Cir. Apr. 12, 2010)
(quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

As an initial matter, Saridakis titles her Motion as one to "Amend Judgment," but only cites
Rule 59(e) in the preface of her Motion while using the Rule to seek to "amend judgment."  (*See*
Mot. 1, 7).  She fails to discuss or apply the legal standard or identify the grounds on which she seeks
relief.  Saridakis introduces no newly-discovered evidence in her Motion.  Thus, the Court assumes
she seeks to amend judgment because of a manifest error of law, as suggested by the substance of
her Motion.

Case No. 08-62005-CIV-ALTONAGA/Brown

Saridakis asserts she should prevail on Counts I, III and IV because South Broward "failed to establish the 'same decision' defense as to either Plaintiff's gender discrimination or Equal Pay Act [] retaliation." (*Id.* at 2). "Because the jury did not find that [South Broward] would have made the same decision absent the discriminatory motive under Title VII and the FCRA, or retaliatory motive under the EPA, the Plaintiff prevailed on her claims of gender discrimination and EPA retaliation, and is entitled to the entry of judgment" on the three Counts. (Mot. 3-4). Saridakis maintains the question on the Verdict Form designed to establish South Broward's defense is legally insufficient because it went to a "mixed motive" defense and not a "same decision" defense. (*Id.* at 2-7). Parsing bits and pieces of the questions put to the jury on the Verdict Form, Saridakis asserts the questions put to the jury did not ask that which was legally required. (*See id.* at 1-7). And as she has done throughout the case, Saridakis continues to conflate the terms "mixed-motive," "same decision" and "but for" with the hope that in the litigation shell game she will find the hidden pea of punitive damages in one of the legal concepts.

In its Response, South Broward asserts Saridakis waived any objections and invited any alleged error because she included the language she now questions in her own proposed verdict forms, and because the verdict form read with the jury instructions "reveals any alleged error was harmless." (Resp. 1-2, 6). South Broward also maintains Saridakis fails to assert proper grounds for an amended judgment because she has not provided newly-discovered evidence or exposed a manifest error of law or fact. (*See id.* at 9-10).

Title VII discrimination claims and retaliation claims, which are rooted in a variety of statutory provisions, all have their genesis in the burden-shifting framework of *McDonnell Douglas*

9

*Corp. v. Green*, 411 U.S. 792, 802-03 (1973).[5]  But while retaliation claims remain tied to the *McDonnell Douglas* framework, the legal analysis of a Title VII sex discrimination claim has been shaped by the Supreme Court's decision in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45 (1989), and Congress' subsequent amendment of Title VII in 1991.  *See* 42 U.S.C. § 2000e-2(m).

### 1.    Discrimination

In *Price Waterhouse*, the Court determined that "while an employer may not take gender into account in making an employment decision [], it is free to decide against a woman for other reasons."  490 U.S. at 244.  Once a plaintiff in a Title VII case establishes that she suffered an adverse employment action and that gender was a substantial or motivating factor in that action, the employer need only "convince the trier of fact that it is more likely than not that the decision would have been the same absent consideration of the illegitimate factor."  *Id.* at 258; *see also id.* at 276 (O'Connor, concurring).  An employer could "avoid a finding of liability only by proving that it would have made the same decision even if it had not allowed gender to play such a role."  *Id.* at 244-45.

When Congress amended Title VII in 1991, it did so in response to the *Price Waterhouse* decision by codifying one part of the decision while abrogating another part.  First, Congress held employers liable for "an unlawful employment practice [] when the complaining party demonstrates that . . . sex . . . was a motivating factor for any employment practice, even though other factors also motivated the practice."  42 U.S.C. § 2000e-2(m).  But it also limited the remedies available to a

---

[5]  The burden-shifting framework requires (1) the plaintiff to establish her prima facie case of discrimination; (2) the employer to "articulate some legitimate, non-discriminatory reason" for the adverse action taken by the employer; and (3) the plaintiff to show that the employer's reason is a pretext for the prohibited discrimination.  *McDonnell Douglas*, 411 U.S. at 802-05; *see also Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-58 (1981).

plaintiff who proves a violation if the employer successfully demonstrates it "would have taken the same action in the absence of the impermissible motivating factor" to declaratory and injunctive relief, and particularized attorney's fees and costs. 42 U.S.C. § 2000e-5(g)(2)(B). In other words, an employer who shows it would have made the same decision *sans* discrimination can limit its damages – but not wholly escape liability – when the plaintiff establishes that gender was a motivating factor in her adverse employment action.

In the wake of the 1991 amendment, a properly framed Title VII instruction asks the jury not one, but two questions once the plaintiff establishes she suffered an adverse employment action. Jurors are first asked whether "the plaintiff's sex was a motivating factor in the defendant's treatment of the plaintiff . . . even if you find that the defendant's conduct was also motivated by a lawful reason." *Desert Palace, Inc. v Costa*, 539 U.S. 90, 96 (2003) (internal quotations omitted). If the jury answers in the negative, the plaintiff has failed to meet her burden and the jury's work is done. When the jury responds in the affirmative, the plaintiff has made out her *prima facie* case, the employer is liable at some level, and the jury must then consider the second part of the instruction – the "same decision" question. Jurors must decide whether, based on a preponderance of the evidence, "the defendant would have treated plaintiff similarly even if the plaintiff's gender had played no role in the employment decision." *Id.* (internal quotations omitted). An affirmative response by the jury limits the plaintiff's remedies under 42 U.S.C. § 2000e-5(g)(2)(B), while a negative answer provides the plaintiff with the full range of damages.

In the present case, the jury received instructions – in writing and read from the bench – on the Title VII discrimination claim that track nearly verbatim with no substantive changes the standard jury instructions for "Title VII - Civil Rights Act Race and/or Sex Discrimination

11

Discharge/Failure to Promote Including 'Same Decision' Defense." *See* Eleventh Circuit Pattern Jury Instr. (Civil Cases) ("11th Cir. Instr.") §1.2 (2005) at 71-74. (*See* Jury Instructions [D.E. 178] 3). The first two questions of the Verdict Form provided to the jury also closely track the questions provided in the standard jury instructions. (*See* Verdict Form 3-4).

The third question (D.3 and E.3) in the two sets of discrimination queries on the Verdict Form varies from the pattern instructions, which suggest: "That the Plaintiff would have been [discharged from employment][denied a promotional opportunity] for other reasons even in the absence of consideration of the Plaintiff's [race][sex or gender]?" *See* 11th Cir. Instr. §1.2 at 77. Instead, the questions put to the jurors on the Verdict Form asked whether jurors found by a preponderance of the evidence: "That South Broward Hospital District considered a factor(s) *other than* Angeleke Saridakis' gender in making its decision concerning her rate of pay?" and "That South Broward Hospital District considered a factor(s) *other than* Angeleke Saridakis' gender in making its decision not to renew her employment agreement?" (Verdict Form 3-4) (emphasis added).

Jury instructions need not track the standard jury instructions exactly. *United States v. Veltmann*, 6 F.3d 1483, 1492 (11th Cir. 1993). "A trial judge has broad discretion in formulating jury instructions." *Id.* But the instructions must not "misstate the law or mislead the jury to the prejudice of the objecting party." *Palmer v. Bd. of Regents of the Univ. Sys. of Ga.*, 208 F.3d 969, 973 (11th Cir. 2000) (citations omitted).

The Verdict Form questions are the literal equivalent of the pattern instructions and if answered in the affirmative, provide South Broward with the limited defense allowed for in Title VII. What makes the questions equivalent are the words "other than." "Other" means "[o]f a different quality or character" when it precedes "than." *See WEBSTER's II New Riverside University*

12

Case No. 08-62005-CIV-ALTONAGA/Brown

*Dictionary* 832 (Houghton Mifflin 1994) (suggesting the example: "We have no way to get there other than walking."). "Other than Angeleke Saridakis' gender" means South Broward did not use gender in making its decisions. In other words, South Broward used "other reasons . . . in the absence of consideration of the Plaintiff's [race][sex or gender]" in making its decisions on Saridakis' rate of pay and decision not to renew her contract.

As South Broward notes in its Response, Saridakis included the language to which she now objects in her final Plaintiff's Proposed Verdict Form submitted on the morning of closing arguments. (*See* Resp. 5, Ex. F). Moreover, Saridakis did not object to either the Jury Instructions or the Verdict Form before they were submitted to the jury. Federal Rule of Civil Procedure 51(c)(2)(B) states that an objection is timely if "a party objects promptly after learning that the instruction or request will be . . . given or refused." The Eleventh Circuit interprets Rule 51 strictly and "require[s] a party to object to a . . . jury verdict form *prior* to jury deliberations" so that a trial judge "has an opportunity to correct any error before the jury has begun its deliberations." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999) (citations omitted). "A party who fails to raise an objection to a verdict form interrogatory . . . prior to jury deliberations waives its right to raise the issue on appeal." *Id.* (citations omitted).

The Jury Instructions in this case were finalized prior to closing arguments, although the parties mutually sought one minor change before South Broward began its argument, and the parties had ample opportunity to enter their objections on the record and out of the jury's hearing before the instructions and arguments were delivered. The late arguments over the Verdict Form resulted in the Court issuing the final version to the parties in the interval between Saridakis' and South Broward's arguments. The parties had an opportunity at that time to enter their objections to the

13

Case No. 08-62005-CIV-ALTONAGA/Brown

Verdict Form on the record and out of the jury's hearing before the instructions were delivered, but Saridakis, represented by three trial attorneys, failed to do so. (*See* Trial Tr. 40-42, Mar. 17, 2010).

For these reasons, Saridakis fails to establish a manifest error of law as to the Jury Instructions or Verdict Form on her claims of gender discrimination under Title VII.

### 2.      Retaliation

Title VII also protects an employee from retaliation when the employee "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Similarly, the EPA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." 29 U.S.C. § 215(a)(3). Unlike allegations of direct discrimination under Title VII and the EPA, retaliation claims continue to be evaluated under the burden-shifting framework of *McDonnell Douglas* because the 1991 amendment of Title VII was specifically limited to claims "in which an individual proves a violation under section 2000e-2(m)" of Title VII, including race, color, religion, sex and national origin discrimination — but not claims of retaliation. 42 U.S.C. § 2000e-5(g)(2)(B); *see Lewis v. Young Men's Christian Assn.*, 208 F.3d 1303, 1305 (11th Cir. 2000).

The Eleventh Circuit has repeatedly and succinctly applied the burden-shifting framework to retaliation claims of all stripes. *See, e.g.*, *Pennington v. City of Huntsville*, 261 F.3d 1262, 1269 (11th Cir. 2001) (retaliation under Title VII, 42 U.S.C. § 2000e-3(a), and Civil Rights Act of 1964, 42 U.S.C. § 1983); *Lewis*, 208 F.3d at 1306 (retaliation under Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621); *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000)

14

Case No. 08-62005-CIV-ALTONAGA/Brown

(retaliation under Fair Labor Standards Act, 29 U.S.C. § 215(a)(3)); *EEOC v. Reichhold Chems., Inc.*, 988 F.2d 1564, 1571-72 (11th Cir. 1993) (retaliation under Title VII and EPA, 29 U.S.C. § 215(a)(3)).  "'To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events.'"  *Pennington*, 261 F.3d at 1266 (quoting *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998)).  "[T]he employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action."  *Id.* (citing *Olmsted*, 141 F.3d at 1460; *Meeks v. Computer Associates, Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994)).  "The ultimate burden of proving by a preponderance of the evidence that the reason provided by the employer is a pretext for prohibited, retaliatory conduct remains on the plaintiff."  *Id.* (citing *Olmsted*, 141 F.3d at 1460).

Two retaliation claims were put to the jury in this case: one under the EPA and the other under Title VII.  (*See* Verdict Form 2, 4-5).  Like the discrimination claims, the Jury Instructions on retaliation tracked the pattern instructions, but they also included relevant wording on workplace harassment culled from other pattern instructions.  *See* 11th Cir. Instr. §1.2.2 at 84-88 (workplace harassment), § 1.10.3 at 205-208 (retaliation).  Included in the Jury Instructions were the following statements:

> The first fact that Plaintiff must prove is that she made a complaint that she was being subjected to unlawful gender discrimination and that she reasonably and in good faith believed that she was being subjected to such discrimination.

> If the Plaintiff proves this first fact - that she engaged in statutorily protected activity – by a preponderance of the evidence, she must show that the Defendant's adverse employment action was causally related to that activity.

> . . .

15

Case No. 08-62005-CIV-ALTONAGA/Brown

> For an adverse employment action to be "causally related" to a statutorily protected activity, it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendant's decision.
>
> On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's protected activity was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that the protected activity was a determinative consideration that made a difference in the Defendant's decision.
>
> . . .
>
> If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the adverse employment action would have been taken for other reasons even in the absence of consideration of Plaintiff's protected activity. If you find that the adverse employment action would have been taken for reasons apart from the protected activity, then your verdict should be for the Defendant.

(Jury Instructions 7). The instructions accurately placed the initial burden on Saridakis to make out her prima facie case of retaliation by showing she made a complaint to her employer and was subject to an employment action causally related to that complaint. The burden then shifted to South Broward to offer "other reasons even in the absence of consideration of Plaintiff's protected activity" for the non-renewal of Saridakis' contract and her rate of pay. Finally, Saridakis could rebut those "other reasons" as pretext for retaliation.

The Verdict Form[6] included three separate queries for the jury under the EPA (section B) and Title VII and the FCRA (section F) retaliation claims:

---

[6] The Eleventh Circuit Pattern Jury Instructions do not contain suggested interrogatories for retaliation claims.

16

Case No. 08-62005-CIV-ALTONAGA/Brown

Do you find by a preponderance of the evidence:[7]

    1.  That Angeleke Saridakis in good faith asserted an objectively reasonable complaint that she had been (paid a lower wage than a member of the opposite sex doing equal work under similar conditions) (discriminated against based on her gender)?

    Answer:  Yes _____ No _____

Note: If you answered "Yes" to Question (B)(F)(1), then proceed to Question (B)(F)(2).  If you answered "No" to Question (B)(F)(1), please proceed to Part (C)(G).

    2.  That Angeleke Saridakis' complaint is causally connected to South Broward Hospital District's non-renewal of her employment agreement?

    Answer:  Yes _____ No _____

Note: If you answered "Yes" to Question (B)(F)(2), proceed to Question (B)(F)(3). If you answered "No" to Question (B)(F)(2), please proceed to Part (C)(G).

    3.  That the South Broward Hospital District considered a factor(s) other than Angeleke Saridakis' complaint(s) of (wage discrimination) (gender discrimination) in the non-renewal of her employment agreement?

    Answer:  Yes _____ No _____

(Verdict Form 2, 4-5).

    The jury answered the first two questions in the affirmative, indicating Saridakis successfully made out her prima facie case of retaliation.  The jury also answered "Yes" to the third question, persuaded that South Broward *did not* consider Saridakis' complaints of wage discrimination and gender discrimination in making its employment decisions.  In other words, South Broward offered reasons unrelated to the alleged discrimination for its employment decisions, and Saridakis failed

---

[7] The words in the first parentheses were used for the EPA claim; the latter parentheses includes the wording for the Title VII and FCRA claims.

to meet her burden to show that South Broward's reasons were merely pretexts for her complaints of wage and gender discrimination.

The jury's notes to the Court indicate confusion about the wording of the third Title VII retaliation question, but – curiously – not about the wording on the EPA retaliation claim.  Drawing directly from the Jury Instructions, the Court's second response and refashioning of the question sought to clear up the confusion, and the jury rendered a verdict shortly thereafter.  The reworded question may have even placed a higher burden on South Broward than required by law.[8]  Under the burden-shifting framework, Saridakis carried the ultimate burden on her retaliation claims to show that South Broward did not use her complaints as a determinative element of its decision; South Broward did not need to show it would have made the same decision *sans* discrimination – it merely needed to posit some other legitimate reason for the adverse employment action, which was the heart of South Broward's case throughout trial.

Notably, Saridakis failed to propose any language regarding a defense on the retaliation claims in any of her four proposed verdict forms prior to deliberations.  (*See* Resp. Exs. A, C- D, F). Then, four days *after* the jury retired to deliberate Saridakis finally proposed defense language on the retaliation claims in her Sunday evening Trial Brief, arguing the burden-shifting framework or mixed-motive defense is inapplicable to retaliation claims.  (*See* Trial Br. Exs. B, 2; C, 2, 5).  What she proposed instead was a post-*Price Waterhouse* analysis without allowing a defense, and she persistently relies on *Gross v. FBL Financial Svcs., Inc.*, 129 S.Ct. 2343 (2009), and the Eleventh

---

[8] "Do you find that the South Broward Hospital District would have made the same decision of not renewing Angeleke Saridakis' employment agreement even if it had not taken Plaintiff's protected activity into account?"

Case No. 08-62005-CIV-ALTONAGA/Brown

Circuit's recent application of *Gross* in *Mora v. Jackson Memorial Foundation, Inc.*, 597 F.3d 1201 (11th Cir. 2010).

Saridakis' reliance is wholly misplaced as both *Gross* and *Mora* are age discrimination cases under the ADEA; they are not retaliation or Title VII cases. In *Gross*, the Supreme Court distinguishes its analysis of the ADEA from Title VII and other statutes. *See Gross*, 129 S.Ct. at 2349 (stating, "We cannot ignore Congress' decision to amend Title VII's relevant provisions but not make similar changes to the ADEA."). "Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor." *Id.* The holding of *Gross*, that "a plaintiff must prove that age was the 'but for' cause of the employer's adverse decision" and not simply a "motivating" factor, places a greater – not lesser – burden on the plaintiff than she bears under the current Title VII analysis. *Gross*, 129 S.Ct. at 2350. *Mora* is even further removed from the present case because the court in *Mora* was grappling with an ADEA discrimination case at summary judgment where "all reasonable inferences are made in Plaintiff's favor to determine whether a material factual question exists" on the record. *Mora*, 597 F.3d at 1204.

Finally, as with the discrimination claims, Saridakis failed to enter an objection to the Verdict Form or the Jury Instructions in advance of their dissemination to the jury. For these reasons, Saridakis has not established manifest error as to the manner in which the Verdict Form or the Jury Instructions addressed her retaliation claims.

19

Case No. 08-62005-CIV-ALTONAGA/Brown

**B.      Plaintiff's Motion for a New Trial Under Rule 59(a)**

Saridakis seeks a new trial pursuant to Federal Rule of Civil Procedure 59(a) on two issues: (1) compensatory damages as to her discrimination claims and (2) liability and damages as to the retaliation claims.  (*See* Mot. 1, 7-15).  "[T]he authority of trial judges to grant new trials is . . . large." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433 (1996).  While a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court," FED.R.CIV.P. 59(a), courts do not grant the motion "unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial."  11 C. Wright, A. Miller & M. K. Kane, *Federal Practice & Procedure* § 2803 (2d ed. 1995) (footnotes omitted).  "'[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence.'" *Tucker v. Hous. Auth. of Birmingham Dist.*, 229 F. App'x 820, 826 (11th Cir. 2007) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001)).

Saridakis seeks a new trial on her discrimination claims because she asserts it was error to admit evidence of Saridakis' job performance after January 2006.  (*See* Mot. 8-10).  She also maintains it was legal error to exclude adverse employment actions regarding Saridakis' early contract release and limited credentialing.  (*See id.* at 10).  She also moves for a new trial citing the issues addressed above with respect to the Verdict Form and South Broward's defenses, and because of jury confusion.  (*See id*. at 11-14).

At trial, South Broward introduced ample evidence to establish Saridakis' performance deficiencies prior to South Broward's decisions regarding pay and non-renewal of Saridakis'

Case No. 08-62005-CIV-ALTONAGA/Brown

contract.  Because Saridakis made claims for retaliation, it was not legal error to permit the introduction of Saridakis' performance deficiencies after January 2006 in order to establish South Broward's good faith reasons for limiting her re-credentialing and terminating her contract early. As South Broward points out it in its Response, Saridakis' "own broad theory of Defendant's liability invited evidence and testimony about events which occurred after December 2005." (Resp. 12).

Saridakis also maintains the Court erred by not allowing the "jury to rule on **all** the facts and claims presented by the Plaintiff at trial" and specifically points to her early release from her contractual duties and limited credentialing.  (Mot. 10).  However, Saridakis framed these issues as retaliatory in the Joint Pre-Trial Stipulation (*see* [D.E. 91] 3-4), failed to treat these issues separately in the proposed jury instructions or in any of her four proposed verdict forms, and did not object to their omission prior to deliberations.  While the Court permitted evidence regarding Saridakis' credentialing and early release to be admitted in testimony – over South Broward's objections, Saridakis cannot now claim error for her own failure to seek specific instructions prior to deliberations.  In short, she waived her complaints on this issue.  *See Farley*, 197 F.3d at 1329.

Saridakis also asserts legal error on the defense queries for the retaliation claims submitted to the jury on the Verdict Form.  (*See* Mot. 10-12).  For the reasons addressed in Part A of this Order, there was no legal error on this issue.

Finally, Saridakis urges the Court to grant a new trial due to jury confusion.  (*See id*. at 12-14).  While it is apparent the jury had trouble with question F.3, it is not clear the problem was solely confusion.  The first note to the Court asked for clarification of the question and was answered at 11:25 a.m., but the second note – sent out just over an hour later – then indicated the jury was

Case No. 08-62005-CIV-ALTONAGA/Brown

"deadlocked." The Court's response, which was issued to the jury in writing at 9:30 a.m., seemed to resolve the deadlock as the jury returned with a verdict just after the noon hour. Saridakis would impute greater confusion to the jury than what was readily apparent by its first question on F.3, but her suggestion is merely conjecture and not founded in fact. (*See id.* at 14 ("[T]he jury was clearly confused as to Questions B(3) and E(3) . . .")). She has failed to establish jury confusion as a ground for a new trial.

## C.   Evidentiary Hearing on Back Pay and Reinstatement

Saridakis requests an evidentiary hearing on back pay and reinstatement, or front pay in lieu of reinstatement, maintaining she prevailed on her claim of gender discrimination. (*See* Mot. 15). For the reasons stated in Part A of this Order, Title VII provides Saridakis with only limited relief because she prevailed only on her claim under section 2000e-2(m). The 1991 amendment to Title VII provides,

> [T]he court –
>
> (i) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title; and
>
> (ii) shall not award damages or issue an order requiring any admission reinstatement, hiring, promotion, or payment, described in subparagraph (A).

42 U.S.C. § 2000e-5(g)(2)(B). Because Saridakis is not entitled to back pay and reinstatement, no evidentiary hearing is necessary.

## D.   Declaratory and Injunctive Relief

Saridakis requests both declaratory and injunctive relief under Title VII. *See* 42 U.S.C. § 2000e-5(g)(2)(B)(I). She asks the Court to issue a declaratory judgment to state in part:

22

Case No. 08-62005-CIV-ALTONAGA/Brown

> [T]hat the South Broward Hospital District subjected Dr. Angeleke Saridakis to sex discrimination in violation of the Civil Rights Act of 1963, 42 U.S.C. § 2000e et. seq. (Title VII) and the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.11. Specifically, the jury found that the plaintiff's gender was a substantial or motivating factor that prompted defendant not to renew her employment agreement.

(Mot. 16). Saridakis also seeks injunctive relief that will (1) require a copy of the declaratory judgment be placed in all files maintained by South Broward that concern her; (2) order South Broward to cease and desist from any discriminatory or retaliatory practice; (3) order South Broward to adopt an equal employment opportunity policy that includes specific information; (4) order South Broward to not retaliate against Saridakis or any witness who testified at trial; and (5) require South Broward to act in good faith "with respect to Dr. Saridakis' contracts or credentials . . . ." (*Id.* at 19).

South Broward concedes Saridakis may obtain declaratory and injunctive relief on her Title VII gender discrimination claim for the non-renewal of her contract, but not for those claims on which she did not prevail at trial. (*See* Resp. 18). However, because the relief she seeks is nothing more than a directive to "obey the law," South Broward maintains such relief is not appropriate. (*See id.* at 20). South Broward further acknowledges it has a contractual relationship with Saridakis, but asserts she is no longer an employee of South Broward under Title VII. (*See id.* at 19). As a result, South Broward cannot discriminate against her "as a matter of law." (*Id.*). Notably, in her Reply [D.E. 214], Saridakis fails to address any of South Broward's objections to declaratory and injunctive relief.

Courts have discretion not to grant declaratory or injunctive relief under 42 U.S.C. § 2000e-5(g)(2)(B)(ii). *See Carter v. Diamondback Golf Club, Inc.*, 222 F. App'x 929, 932 (11th Cir. 2007). "The fact that a court *can* enter a declaratory judgment does not mean that it *should*." *Id.* (emphasis in original) (citations omitted).

23

> In all civil litigation, the judicial decree is not the end but the means. At the end of
> the rainbow lies not a judgment, but some action (or cessation of action) by the
> defendant that the judgment produces . . . . This is no less true of a declaratory
> judgment suit than of any other action. The real value of the judicial pronouncement
> – what makes it a proper judicial resolution of a "case or controversy" rather than an
> advisory opinion – is in the settling of some dispute *which affects the behavior of the*
> *defendant towards the plaintiff.*

*Hewitt v. Helms*, 482 U.S. 855, 761 (1987) (emphasis in original). The Eleventh Circuit "has held

repeatedly that 'obey the law' injunctions are unenforceable." *Fla. Ass'n of Rehab Facilities, Inc.*

*v. State of Fla. Health & Rehab. Servs.*, 225 F.3d 1208, 1222-23 (11th Cir. 2000). Courts have also

held that a Title VII "plaintiff cannot maintain a declaratory or injunctive action unless he or she can

demonstrate a good chance of being likewise injured by [the defendant] in the future." *Richardson*

*v. Tricom Pictures & Prods., Inc.*, 334 F. Supp. 2d 1303, 1328 (S.D. Fla. 2004) (quoting *Cox v.*

*Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994)). Thus, where the plaintiff/employee no

longer works for the defendant, injunctive relief is unavailable as a remedy. *See Wallace v. Dunn*

*Constr. Co., Inc.*, 62 F.3d 374, 380 (11th Cir. 1995).

Saridakis seeks a declaratory judgment and five possible actions as injunctive remedies.

Because any relief in this case is limited to Saridakis' claim of gender discrimination on her non-

renewal, an injunction directing South Broward to not retaliate against Saridakis or other employees

who served as witnesses on her behalf and requiring South Broward to adopt specific policy

language on retaliation is not available. Directing South Broward to "obey the law" – whether by

a cease and desist order or by requiring it to "act in good faith" with respect to Saridakis' contracts

or credentials – also fails to meet the requirements for injunctive relief. While Saridakis states that

evidence introduced at trial shows South Broward has no policy on retaliation, she has not

established that South Broward's equal opportunity policy on gender discrimination was deficient under federal or state law.

This leaves the Court to consider whether issuing the declaratory judgment statement requested by Saridakis and ordering its inclusion in any files maintained by South Broward are lawful remedies. Because she "continues to have a contractual and advantageous relationship with the Defendant and its five affiliated hospitals via a contract," Saridakis maintains she is entitled to the declaratory judgment. (Mot. 15). At trial, it was established that although Saridakis' employment contract had been terminated, she had "current 'on-call' contracts" with South Broward. (*See id.* at 15, n.7). However, South Broward asserts Saridakis' current relationship is not as an employee, but as an independent contractor who is not protected by Title VII. (*See* Resp. 19). In her Reply, Saridakis does not rebut South Broward's characterization of her as an independent contractor nor does she establish that she remains subject to Title VII as an independent contractor under the economic realities test. *See Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 339-41 (11th Cir. 1982) (discussing and adopting the economic realities test).

Saridakis has not demonstrated she has a good chance of being discriminated against on the basis of gender by South Broward in the future or that she enjoys the protections of Title VII in her current relationship as an independent contractor. The declaratory judgment Saridakis seeks would have no effect on the behavior of South Broward toward her nor would it settle any current dispute. In the end, it would serve as nothing more than a statement that she had been wronged. *See Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977); *Richardson*, 334 F. Supp. at 1328.

Based on the facts presented at trial and the foregoing principles of law, declaratory relief is not awarded.

Case No.  08-62005-CIV-ALTONAGA/Brown

### IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion **[D.E. 200]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 7th day of June, 2010.

*Cecilia M. Altonaga*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record